**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––

No. 24-1422 (L), No. 24-1429

––––––––––––

MUNA AL-SUYID, individually and on behalf of the estates of her family members Abdel Salam al-Suyid, Ibrahim al-Suyid, Khalid al-Suyid and Mustafa al-Suyid; ABDALLA AL-KRSHINY, individually and on behalf of his family members Ali al-Krshiny and Mustafa al-Krshiny; AHMAD AL-KRSHINY, individually and on behalf of his family members Ali al-Krshiny and Mustafa al-Krshiny; MAHMUD AL-KRSHINY, individually and on behalf of his family members Ali al-Krshiny and Mustafa al-Krshiny; IBRAHIM AL-KRSHINY, individually and on behalf of his family members Ali al-Krshiny and Mustafa al-Krshiny,

    Plaintiffs – Appellants/Cross-Appellees,

v.

KHALIFA HIFTER,

    Defendant – Appellee/Cross-Appellant.

and

KHALID HIFTER; SADDAM HIFTER,

    Defendants.

––––––––––––

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:20-cv-00170-LMB-JFA)

––––––––––––

No. 24-1423 (L), No. 24-1425

––––––––––––

ALI ABDALLA HAMZA; SALIMAH ABDULLAH ABRAHE JIBREEL; NEHMA ABDALLA ALMAHDI HAMZA; ABDELHALIM ABDALLA MAHDI HAMZA,

Plaintiffs – Appellants/Cross-Appellees,

v.

KHALIFA HIFTER,

Defendant – Appellee/Cross-Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:20-cv-01038-LMB-JFA)

_____

**No. 24-1426 (L), No. 24-1427**

_____

AIDA ELZAGALLY, as the wife of Msaddek Tunalli, deceased; AYAH TUNALLI, as the daughter of Msaddek Tunalli, deceased; ALAA TUNALLI, as the daughter of Msaddek Tunalli, deceased; ABDULHAMEED TUNALLI, as the son of Msaddek Tunalli, deceased; ABDULRRAUF TUNALLI, as the son of Msaddek Tunalli, deceased; MUHAMMAD TUNALLI, as the son of Msaddek Tunalli, deceased; ABDULADEEM TUNALLI, as the son of Msaddek Tunalli, deceased; MAIS AHMED MAYOUF, as the daughter of Mufida Sasi Abu Gasiah, deceased; ABDULHAMEED AL-HARRAMAH, as the father of Ayman Al-Harramah, deceased,

Plaintiffs – Appellants/Cross-Appellees,

v.

KHALIFA HIFTER,

Defendant – Appellee/Cross-Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:19-cv-00853-LMB-JFA)

_____

Argued: May 7, 2025                                                    Decided: June 5, 2025

_____

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

2

Nos. 24-1425, 24-1427, and 24-1429 dismissed, Nos. 24-1422 and 24-1426 reversed and remanded, and No. 24-1423 vacated and remanded with instructions, by published opinion. Judge Heytens wrote the opinion, which Judge Rushing and Judge Floyd joined.

––––––––––––––

**ARGUED:** Asim Abdur Rahman Ghafoor, LAW OFFICE OF ASIM GHAFOOR, Dulles, Virginia, for Appellants/Cross-Appellees. Madison Ann Beatty, BRIGLIA HUNDLEY, P.C., Tysons Corner, Virginia, for Appellee/Cross-Appellant. **ON BRIEF:** Robert H. Cox, James W. Hundley, BRIGLIA HUNDLEY, P.C., Tysons Corner, Virginia, for Appellee/Cross-Appellant.

––––––––––––––

TOBY HEYTENS, Circuit Judge:

Lack of personal jurisdiction is a powerful yet fragile defense. It is powerful because, without jurisdiction, a court has no "authority" to issue a ruling "on the merits" and must simply dismiss the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). But it is also fragile because, unlike subject matter jurisdiction, "a defendant must affirmatively raise a personal jurisdiction challenge," *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016), and failing to do so at the right time and in the right way results in "waive[r]," Fed. R. Civ. P. 12(h)(1). Once "a court's personal jurisdiction is properly challenged," however, it becomes the plaintiff's "burden" to identify and "prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Those general principles resolve these appeals. We dismiss the cross appeals (Nos. 24-1425, 24-1427, 24-1429) because the appealing party does not seek to modify the district court's judgments and instead offers alternative bases for affirming them. In Nos. 24-1422 and 24-1426, we reverse and remand because the defendant waived any personal jurisdiction defense by failing to timely assert it. In contrast, in No. 24-1423, we conclude the defendant properly raised a personal jurisdiction defense and the district court properly granted summary judgment because the plaintiffs failed "to make a prima facie showing of a sufficient jurisdictional basis." *Combs*, 886 F.2d at 676. We nonetheless vacate the district court's judgment and remand with instructions to modify that judgment to state that the dismissal is without prejudice.

4

## I.

Over a 15-month period, three groups of plaintiffs sued Khalifa Hifter in the United States District Court for the Eastern District of Virginia. As relevant here, the complaints all sought to hold Hifter liable under the federal Torture Victim Protection Act for his conduct as the commander of the Libyan National Army.

Before the third and final case was filed, Hifter moved to dismiss the first two cases. The district court granted those motions in part and denied them in part. Five months later, Hifter moved to dismiss the third case. The district court also granted that motion in part and denied it in part.

Nearly seven months after acting on Hifter's motion to dismiss the third case, the district court granted the parties' joint request to consolidate all three cases "for the limited purposes of discovery and pretrial matters, excluding dispositive motions." 24-1422 JA 158. After another two years, the parties cross-moved for summary judgment in all three cases, with Hifter arguing (among other things) that the district court lacked personal jurisdiction over him.

The district court dismissed all three suits with prejudice in a single written order that implemented an earlier oral ruling. The plaintiffs' summary judgment motions were "DENIED," and Hifter's summary judgment motions were "'GRANTED IN PART for lack of general personal jurisdiction, and DENIED in all other respects." 24-1422 JA 257–58. The court also stated that each complaint was "DISMISSED WITH PREJUDICE" and directed the clerk to "enter judgment" in Hifter's favor. 24-1422 JA 258.

Each set of plaintiffs appealed separately to this Court. Hifter cross-appealed in each

case, asserting the district court erred in not granting him summary judgment on other grounds as well. We consolidated all six appeals for oral argument. "We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Sigley v. ND Fairmont LLC*, 129 F.4th 256, 260 (4th Cir. 2025) (quotation marks removed).

## II.

We dismiss Hifter's cross appeals (Nos. 24-1425, 24-1427, and 24-1429) as "unnecessary and not properly taken." *Harriman v. Associated Indus. Ins. Co.*, 91 F.4th 724, 726 (4th Cir. 2024). In each case, the district court dismissed the plaintiffs' suit in its entirety and with prejudice, and Hifter does not seek to alter those bottom-line judgments. See, *e.g.*, 24-1422 Hifter Br. 43 ("[T]he judgment of the District Court should be affirmed."). Because the cross appeals "merely seek[ ] affirmance of a favorable judgment on . . . alternative ground[s]," they "must be dismissed." *Harriman*, 91 F.4th at 728 (quotation marks removed).

## III.

In Nos. 24-1422 and 24-1426, the district court erred in granting summary judgment to Hifter based on lack of personal jurisdiction because Hifter waived any such defense by failing to raise it in his pre-answer motions to dismiss. We thus reverse the district court's judgment in those cases and remand for further proceedings consistent with this opinion.

Federal Rule of Civil Procedure 12 contains detailed rules for asserting that a suit must be dismissed because the court lacks jurisdiction over the defendant's person. Rule 12(b) starts by establishing a general rule: "Every defense to a claim for relief in any

6

pleading must be asserted in the responsive pleading if one is required." That same rule then identifies seven defenses—including "lack of personal jurisdiction," Rule 12(b)(2)—that "a party may assert" through a pre-answer motion to dismiss. A defendant gains several advantages by filing such a motion, most notably a reprieve from the otherwise mandatory duty to file an answer. See Fed. R. Civ. P. 12(a)(4)(A). But there is also a price. Rule 12(g)(2) declares that a defendant generally gets only one pre-answer motion to dismiss. And when a defendant chooses to file such a motion, that defendant "waives any defense listed in Rule 12(b)(2)–(5)" that was available when the motion was filed but "omit[ted] . . . from" the pre-answer motion. Rule 12(h)(1).

Applying those rules here, we conclude that Hifter waived any personal jurisdiction defense in Nos. 24-1422 and 24-1426. In both cases, Hifter filed a pre-answer motion to dismiss, which triggered Rule 12(h)(1)'s waiver rule. And in both cases, Hifter's pre-answer motion asserted the case should be dismissed on three bases—lack of subject matter jurisdiction under Rule 12(b)(1), insufficient service of process under Rule 12(b)(5), and failure to state a claim upon which relief can be granted under Rule 12(b)(6)—while omitting any reference to Rule 12(b)(2).

To be sure, Hifter's memoranda of law in support of both motions intermittently used the words "personal jurisdiction." But they did so *only* in the context of asserting insufficient service of process (the defense listed in Rule 12(b)(5), which was cited in Hifter's motions) or head of state immunity (which would be addressed by either Rule 12(b)(1) or (b)(6), both of which were also cited in Hifter's motions). At no point did Hifter's memoranda of law cite Federal Rule of Civil Procedure 12(b)(2) or otherwise

7

argue that the district court lacked constitutional power to enter a judgment against him because of his lack of connections to Virginia or the United States. That is not enough to avoid waiver of the defense listed in Federal Rule of Civil Procedure 12(b)(2).

Despite Rule 12(h)(1), the district court concluded that Hifter preserved a personal jurisdiction defense in Nos. 24-1422 and 24-1426 through a later action in the third-filed case. The court reasoned that because Hifter's "new counsel" filed a proper personal jurisdiction challenge in No. 24-1423—a point with which we agree, see Part IV(A), *infra*—that preserved the defense in the other two cases because the "core issues" in all three cases "overlap[ped]" and the parties "agreed that all three cases . . . would be basically treated as one overall case." 24-1422 JA 262. Hifter similarly asserts that "the consolidation of the proceedings [in the three cases] properly reserved the objections to this Court's jurisdiction over [him] in all the proceedings." 24-1422 Hifter Br. 15.

With respect, we disagree. Under Rule 12, a personal jurisdiction defense is "waived" the moment it is "omitt[ed] from" a pre-answer motion. Fed. R. Civ. P. 12(h)(1); see also *Insurance Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982) ("[T]he failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection."). Hifter filed his motions to dismiss in Nos. 24-1422 and 24-1426 six months *before* he moved to dismiss the later-filed No. 24-1423 for lack of personal jurisdiction and more than a year *before* the district court consolidated the three cases. Neither Hifter nor the district court has identified any authority stating that a later consolidation order—much less one whose terms said the consolidation "exclud[ed] dispositive motions," 24-1422 JA 158—can resurrect an already waived defense. "A party

8

who validly waives a right may not later invoke that right as a basis" for asking the court to take some action—"not because there is some barrier to doing so, but rather because the right has ceased to exist." *United States v. Pittman*, 125 F.4th 527, 532 (4th Cir. 2025) (quotation marks removed).

Because Hifter waived a personal jurisdiction defense in Nos. 24-1422 and 24-1426, we reverse the district court's order granting him summary judgment based on lack of personal jurisdiction. "And because we are a court of review, not first view," *United States v. Avila*, 134 F.4th 244, 248 (4th Cir. 2025) (quotation marks removed), we remand for further proceedings without considering the alternative grounds for affirmance that Hifter offers.[*]

## IV.

We reach a different conclusion in No. 24-1423. In that case, we conclude that Hifter preserved a personal jurisdiction defense by raising it in a timely pretrial motion. We also conclude that the district court correctly rejected the plaintiffs' arguments in support of personal jurisdiction, and we decline to consider other arguments that have not been properly raised. That said, we vacate the judgment in No. 24-1423 and remand with instructions to modify the judgment to state that the dismissal is without prejudice.

---

[*] Once the district court concluded that it lacked personal jurisdiction over Hifter, the court could not deny the plaintiffs' summary judgment motions or any merits-based aspects of Hifter's own motions. See *Ex parte McCardle*, 74 U.S. 506, 514 (1868) (stating that "[w]ithout jurisdiction the court cannot proceed at all" and may only "announc[e]" that jurisdiction is lacking and "dismiss[] the cause"). As a result, such matters remain live before the district court on remand.

9

A.

Hifter preserved a personal jurisdiction defense in No. 24-1423. Unlike the motions to dismiss he filed in the other two cases, the one filed in No. 24-1423 identified Federal Rule of Civil Procedure 12(b)(2) as one basis for the motion. Hifter's memorandum of law in support of that motion also raised a classic personal jurisdiction argument, asserting that "This Court Lacks Personal Jurisdiction Over Mr. Hifter" because he "is not a resident of Virginia" and "there is no connection between Mr. Hifter's alleged actions in Libya and his alleged affiliation with Virginia." Mem. in Supp. of Def. Khalifa Hifter's Mot. to Dismiss at 15, *Hamza v. Hifter*, No. 1:20-cv-01038 (E.D. Va. Feb. 26, 2021), ECF No. 25. No more was required.

B.

In No. 24-1423, the district court correctly granted summary judgment to Hifter based on lack of personal jurisdiction.

Once a defendant raises a personal jurisdiction defense, "the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson*, 816 F.3d at 267. Because the district court did not hold an evidentiary hearing, the question before us is whether the plaintiffs' "allegations and available evidence" created "a *prima facie* showing of personal jurisdiction." *Id.* at 268. Like the district court, we conclude the answer is no.

Federal Rule of Civil Procedure 4(k) provides two routes for establishing personal jurisdiction over an objecting defendant. The first—contained in Rule 4(k)(1)—directs the court to ask whether "a court of general jurisdiction in the state where the district court is

10

located" (here, Virginia) would have personal jurisdiction over the defendant. Fed. R. Civ. P. 4(k)(1)(A). The second—contained in Rule 4(k)(2)—is limited to "claim[s] that arise[ ] under federal law" and situations where "the defendant is not subject to jurisdiction" in the courts of any State. Rule 4(k)(2) & (2)(A). In those circumstances, a federal district court may exercise jurisdiction so long as doing so "is consistent with the United States Constitution and laws." Rule 4(k)(2)(B); see also *Insurance Corp. of Ir.*, 456 U.S. at 702 ("The requirement that a court have personal jurisdiction flows . . . from the Due Process Clause."); cf. *Blackmer v. United States*, 284 U.S. 421, 436–41 (1932) (rejecting due process challenge to a contempt citation against a United States citizen who was domiciled abroad for failing to respond to a subpoena). The two paths are mutually exclusive: One requires that a state court of general jurisdiction have personal jurisdiction over the defendant, while the other requires that no State's courts could permissibly exercise such jurisdiction.

We conclude only Rule 4(k)(1) is relevant here. As the plaintiffs conceded at oral argument, they did not raise Rule 4(k)(2)—or the theory of personal jurisdiction that it reflects—before the district court. See Oral Arg. 9:40–10:53. In responding to Hifter's personal jurisdiction argument, the plaintiffs neither highlighted that their claims arose under federal law nor suggested that the district court might still have personal jurisdiction even if the courts of Virginia (or any other State) might not. The same is true of the plaintiffs' briefs in this Court, which cite only Federal Rule of Civil Procedure 4(k)(1), and never suggest a Rule 4(k)(2) theory, even in the alternative. For that reason, resort to Rule 4(k)(2)'s theory of personal jurisdiction is "doubly forfeited" at this point, *United States v.*

11

*Gallagher*, 90 F.4th 182, 189 n.1 (4th Cir. 2024), and the controlling question is whether the plaintiffs made a prima facie case that Hifter "is subject to the jurisdiction of a court of general jurisdiction" in Virginia. Fed. R. Civ. P. 4(k)(1)(A).

This Court has understood Virginia law as granting its courts of general jurisdiction the full extent of "personal jurisdiction" that would be "permissible under the due process clause." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). There are two bases under which the Due Process Clause allows a state court to exercise personal jurisdiction over an objecting defendant: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). We conclude the plaintiffs in No. 24-1423 failed to make a prima facie showing under either basis.

1.

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual" like Hifter, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "[A] person may have two place[s] of residence, . . . but only one domicile." *Myers v. Commissioner of Internal Revenue*, 180 F.2d 969, 971 (4th Cir. 1950) (quotation marks removed). A plaintiff faces a high bar in showing a defendant is "essentially at home" in a forum state and should thus be "expose[d] . . . to . . . sweeping jurisdiction" by its courts for conduct that occurred

12

outside—and is unrelated to—the forum state. *Ford Motor Co.*, 592 U.S. at 358.

The plaintiffs in No. 24-1423 failed to make a prima facie showing that Hifter is subject to general personal jurisdiction in Virginia. The plaintiffs point to evidence stating that Hifter is a United States citizen, that he owns property in Virginia, and that his sons live there. That is not enough to establish general personal jurisdiction over Hifter in Virginia. See, *e.g.*, *Pennoyer v. Neff*, 95 U.S. 714, 719–20, 734 (1877) (holding that the defendant, a United States citizen, was not subject to personal jurisdiction in Oregon despite owning property in the State). Nor does Hifter's apparent residence in Virginia before moving to Libya in 2011 move the needle. Even current "residency is not [alone] sufficient" to establish domicile, *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008), and the plaintiffs offer no evidence or argument to counter the district court's conclusion that Hifter "left Virginia" in 2011 and has never returned, 24-1423 JA 294. We thus conclude that Hifter is not subject to general personal jurisdiction in Virginia.

2.

The plaintiffs' arguments for specific personal jurisdiction fare no better. That doctrine "covers defendants less intimately connected with a State, but only as to a narrower class of claims" than general personal jurisdiction. *Ford Motor Co.*, 592 U.S. at 359. To establish specific personal jurisdiction, the plaintiffs' claims "must arise out of or relate to the defendant's contacts with the forum." *Id.* (quotation marks removed). We conclude that none of the contacts with Virginia that the plaintiffs identified in their opening brief have the necessary connection to Hifter's alleged unlawful conduct in Libya.

The plaintiffs' opening brief in No. 24-1423 identifies three contacts between Hifter

13

and Virginia as supporting specific personal jurisdiction: (1) owning property in Virginia; (2) hiring legal counsel in Virginia; and (3) agreeing to a joint discovery plan in this litigation. The first contact is insufficient to establish specific personal jurisdiction because the plaintiffs do not assert (much less provide any evidence) that Hifter's Virginia property has any connection to his alleged actions in Libya. The second and third contacts are also insufficient because they involve litigation-related contact that occurred after the plaintiffs had already sued Hifter. That sort of bootstrapping is not allowed. "The plaintiff[s'] claims" cannot "arise out of or relate to" contacts with Virginia that happened *after* the plaintiffs filed this suit, particularly contacts that were integral to Hifter's attempts to defend himself in this litigation. *Ford Motor Co.*, 592 U.S. at 359 (quotation marks removed).

In their reply brief and at oral argument, the plaintiffs identified another possible contact between Hifter's alleged conduct and Virginia: a contract with a public relations firm in the Commonwealth. But the district court concluded there was no evidence of any such contract in the summary judgment record, see 24-1423 JA 296–97, and the plaintiffs never challenge that conclusion in their opening brief. This Court does not consider evidence that was "not in the record considered by the district court," *Estate of Alvarez v. Rockefeller Found.*, 96 F.4th 686, 694 n.7 (4th Cir. 2024), or arguments that were not raised in an appellant's opening brief, see *Gallagher*, 90 F.4th at 189 n.1. We thus hold that the district court properly concluded that Hifter was not subject to specific personal jurisdiction in Virginia.

C.

The plaintiffs in No. 24-1423 also ask that—"as an alternative to dismissal"—we

14

remand the case to the district court for "jurisdictional discovery." 24-1423 Pls. Br. 12. But that argument is forfeited too, because the plaintiffs never asked the district court to permit them to conduct jurisdictional discovery. See *United States Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006) ("Generally, an issue raised for the first time on appeal will not be considered."). What is more, the record shows the plaintiffs already deposed Hifter and failed to ask basic questions that could have established where he was domiciled or the extent of his contacts with Virginia. We thus decline to consider the plaintiffs' forfeited request for additional discovery.

D.

Although we agree with the district court that the plaintiffs in No. 24-1423 failed to make a prima facie showing of personal jurisdiction, we vacate the judgment and remand with instructions to modify it to state that the dismissal is without prejudice. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). For that reason, "[a] suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'" because a dismissal with prejudice is "a disposition on the merits, which only a court with jurisdiction may render." *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (quotation marks removed). That is true even when, as here, a court believes it "would be a waste of judicial resources" for any court to continue litigating a long-running suit. 24-1423 JA 303.

\*      \*      \*

15

In No. 24-1422 and No. 24-1426, the judgments are reversed, and the cases are remanded for further proceedings consistent with this opinion. In No. 24-1423, the judgment is vacated, and the case is remanded with instructions to modify the judgment to state that the dismissal is without prejudice. The cross appeals (Nos. 24-1425, 24-1427, and 24-1429) are dismissed.

*SO ORDERED*